# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-40276
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CESAREO GOMEZ-PEREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-986-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Cesareo Gomez-Perez appeals the sentence imposed following his guilty-plea conviction of illegal reentry after removal, in violation of 8 U.S.C. § 1326. Gomez-Perez was sentenced within his advisory sentencing guidelines range to a 57-month term of imprisonment.

Gomez-Perez argues that his sentence is procedurally unreasonable because the district court failed to provide reasons both for its imposition of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

within-guidelines sentence and its denial of his nonfrivolous arguments for a below-guidelines sentence. Because Gomez-Perez failed to raise his procedural objection in the district court, review is for plain error. *See United States v. Mondragon-Santiago*, __ F.3d __, 2009 WL 782894, at *3 (5th Cir. Mar. 26, 2009). To show plain error, Gomez-Perez must show an error that is clear or obvious and that affects his substantial rights. *See id.*; *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Mondragon-Santiago*, 2009 WL 782894, at *3.

The record reflects that the district court imposed a within-guidelines sentence and denied Gomez-Perez's request for a below-guidelines sentence without reasons. Gomez-Perez is correct that the district court did not adequately explain its reasons for the sentence imposed. *See Mondragon-Santiago*, 2009 WL 782894, at *5. Gomez-Perez has not shown that a more detailed explanation for his sentence would have changed his 57-month sentence. Thus, he has failed to show that the district court's error affected his substantial rights. *See id.* at *7.

Gomez-Perez additionally argues that the within-guidelines sentence should not be accorded a presumption of reasonableness because U.S.S.G. § 2L1.1, i.e., the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account empirical data and national experience. This court has recently rejected this argument. *See Mondragon-Santiago*, 2009 WL 782894, at ** 8-9.

Gomez-Perez also asserts that his sentence is substantively unreasonable because the district court imposed a sentence that was greater than necessary to fulfill the sentencing purposes identified in 18 U.S.C. § 3553(a). His within-guidelines sentence is entitled to a presumption of reasonableness. *See United*

*States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The district court considered Gomez-Perez's request for leniency in light of his personal history and the circumstances surrounding his offense. The district court also heard the Government's recommendation that 57 months of imprisonment was the proper sentence. The district court's decision to impose a within-guidelines sentence suggests that the district court perceived the instant case to be a typical, mine-run case for which the Guidelines provided the appropriate sentence. *See Rita v. United States*, 127 S. Ct. 2456, 2468-69 (2007). Thus, Gomez-Perez has failed to overcome the presumption that his within-guidelines sentence was reasonable. *See id.* at 2462; *Alonzo*, 435 F.3d at 554. He has shown no error, plain or otherwise.

Accordingly, the district court's judgment is AFFIRMED.